Mr. Justice Hagner
delivered the opinion of the Court:
The declaration containing the common counts was filed on the 20th of December, 1886, and on the same day an affidavit of the plaintiffs’ agent, as the ground of an application for an attachment against Ernest'Maroney, charging that he was evading service of process by concealing himself and withdrawing from the District temporarily, accompanied by a supporting affidavit of a third party. On the same day the writ of attachment was issued, and a quantity of goods in the store which had been occupied by Maroney were seized by the marshal under the writ.
John L. Killeen filed a motion for leave to intervene in *222 the case, accompanied by his affidavit that seven days before the attachment was issued he had bought from Maroney, in good faith, without notice and for value, the goods so seized by the marshal; had paid for them and taken possession, and received a bill of sale conveying them to him, which had been duly recorded on the same day; and that he was still in possession when they were so seized.
An order was passed allowing him to intervene as prayed; and then he filed a motion to quash the attachment; assigning as reasons—
1. That the affidavits were insufficient.
2. The undertaking was not in the form required by law. And
3. For other reasons appearing on the record.
Further affidavits were filed by Killeen and by the plaintiff, and upon hearing the attachment was quashed; and the appeal is from that ruling.
On the appeal it has been insisted on behalf of the plaintiffs that Killeen had no right to intervene; that if he had such right, he could not be allowed to impeach the regularity of the proceedings; and further, that if he had such right and desired to defend upon the ground that he was the owner of the property, he was bound to specify that reason in his motion; which he had omitted to do.
The fact of the sale and conveyance of the goods seized is fully proved. Indeed, there is no denial by the plaintiffs either of the sale and transfer, or of its entire bona fides; although it was competent for them to impeach the grantee’s title to the property as well upon the form as the honesty of the transfer, and on these grounds to insist that the property is still liable for the defendant’s debts. Drake, Attachment, section 523.
Says the same author: “Where a garnishee holds property which once belonged to the defendant, but which before the garnishment was, for a valuable consideration, sold to the garnishee, the attachment, of course, cannot reach it. *223 It is no longer the property of the defendant, but of the garnishee. In any such case, if the assignment be in writing, and bear date before the attachment, and there is nothing to repel the presumption that it bears its true date, it will be effectual as against the attachment; and no evidence of its delivery, or of its receipt and acceptance by the garnishee, before service of the attachment, is necessary to perfect it and give it priority.” Id., sec. 522.
The right of the actual owner to intervene in the proceeding to defend his property from condemnation under the attachment is clearly maintainable, as well upon reason as authority. The proceeding by attachment in the State of Maryland, although the subject of statute from the earliest history of the Province (1647, chap. 3), had its origin in the process of foreign attachment under the custom of London, the antiquity of which would justify its recognition as part of the common law; and the statutes were merely regulations of pre-existing rights.
It was said at an early day in that State, in construing one of these acts (1795, chap. 45), in the absence of a special provision to that effect in the statute, that “Por an apparent defect in the proceedings the attachment may be quashed, upon suggestion of such defect to the Court, either by the defendant himself, or a third party claiming an interest in the property attached; ” and that “As the attachment is a summary proceeding, every fact is cognizable by the Court which will show that the attachment issued irregularly, to show that the property attached does not belong to the defendant.” Campbell vs. Morris, 3 Harr. & McH., 535.
The provisions of our Revised Statutes were only designed to change the existing law and practice in the District, so as to authorize the clerk to issue the attachment without a previous warrant from a judge or justice, and to prescribe the formalities which should precede and follow the issue of the writ; hut nothing in those sections denies any pre *224 vious right of the owner existing in the District to intervene in the proceeding for the protection of his property.
In U. S. vs. Howgate, 2 Mackey, 408, Mrs. Houghton was permitted to file a petition alleging herself to be the owner of the property attached, under a deed executed before the levying of the attachment; and her motion to quash was granted and the property restored to her. The hardship of the real owner being deprived of his property while awaiting the determination of the inquiry whether the defendant owes money to the plaintiff was suggested by one of the justices in his concurring opinion, as a reason why the owner’s right to interfere should be acknowledged.
As to the objection that Killeen’s assignment of reasons in his motion to quash did not specify the one we have been considering, it appears that the affidavit accompanying his motion expressly disclosed this as his ground of objection, and the hearing below was plainly directed to its consideration; and it would be most unjust to refuse to entertain his reasonable application upon so technical a ground.
As the decision of this point is fatal to the attachment, it is unnecessary to consider the other points presented in the argument.

The judgment below is affirmed.